IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JEFFREY RAY PUMPHREY, JR.,      )
          )
        Plaintiff,        )
          )      Civil Action No. 26-488
     v.      )      Judge Nora Barry Fischer
          )
HERMITAGE POLICE DEPARTMENT, et  )
al.,          )
          )
        Defendants.    )

**MEMORANDUM OPINION**

## I. INTRODUCTION

Presently before the Court are a Motion for Leave to Proceed In Forma Pauperis filed by pro se Plaintiff Jeffrey Ray Pumphrey, Jr., the accompanying Complaint, and various attachments. (Docket No. 1). After careful consideration of Plaintiff's submissions and for the following reasons, Plaintiff's Motion [1] is GRANTED as to the In Forma Pauperis Status of pro se Plaintiff Jeffrey Ray Pumphrey, Jr. ONLY but Plaintiff's Complaint is dismissed, under 28 U.S.C. § 1915(e)(2)(B) as frivolous.

## II. LEGAL STANDARDS

The Court initially turns to the appropriate legal standards. Section 1915(e)(2) requires that a District Court review pleadings filed by individuals who are granted in forma pauperis status and mandates that "the court shall dismiss the case at any time if the court determines that … the action … is frivolous or malicious; fails to state a claim upon which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Therefore, pursuant to this statute, the Court must dismiss a case "if it lacks arguable merit in fact or law." *Stackhouse v. Crocker*, 266 F.App'x. 189 (2008) (citing *Neitzke v.*

1

*Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989)).  Specifically,

> Section 1915(e)(2)(B) provides a court with "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992).

*Price v. Fed. Bureau of Investigation*, 845 F. App'x 106, 108 (3d Cir. 2021).

In addition, "[f]ederal courts are courts of limited jurisdiction." *Zambelli Fireworks Mfg. Co., Inc. v. Wood*, 592 F.3d 412 (3d Cir. 2010). To this end, this Court can only exercise subject matter jurisdiction over "civil actions arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, or civil actions wherein there is diversity of citizenship between the parties and the matter in controversy exceeds $75,000.00, 28 U.S.C. § 1332. "The burden is on the plaintiff to establish the existence of federal jurisdiction." *McCracken v. ConocoPhillips Co.*, 335 F.App'x. 161, 162-163 (3d Cir. 2009) (citing *Packard v. Provident Nat'l Bank*, 994 F.2d 1039, 1045 (3d Cir. 1993).

The standard of review for failure to state a claim under section 1915(e)(2) is the same as under Rule 12(b)(6).  *See D'Agostino v. CECON RDEC*, 2011 WL 2678876, at *3 (3d Cir. 2011) (citing *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999)).  That is, the allegations in a pro se plaintiff's complaint must be liberally construed, *see Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007), and the Court must "accept all factual allegations in the complaint as true, [and] construe the complaint in the light most favorable to the plaintiff," *see Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008).  However, a pro se complaint must be dismissed if it does not allege "enough facts to state a claim for relief that is

plausible on its face." *Bell Atlantic v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); *see also Capogrosso v. Rabner*, 588 F.3d 180, 184-85 (3d Cir. 2009) (applying *Twombly* and *Iqbal* standard to pro se complaints). Finally, "if a complaint is subject to a Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips*, 515 F.3d at 245.

III. DISCUSSION

In this Court's estimation, Plaintiff's rambling and incoherent Complaint alleging civil rights or *Bivens* claims against Defendants Hermitage Police Department, Mercer County Public Defenders Office, Autumn Johnson of the Mercer County Public Defender's Office, Judge Ronald D. Amrhein, Jr., Judge Neil D. McEwin, Mercer County Behavioral Health, Lisa Marshal and Ingrid Rengerg arising out of a December 2024 incident which led to his arrest and current prosecution in Mercer County for drug offenses is frivolous. *See Price*, 845 F. App'x at 107-08. As far as the Court can glean from his submissions, Plaintiff asserts that he is purportedly a victim of a vast conspiracy of individuals supporting terrorism groups including ISIS, Al Qaeda, and the Taliban, Pakistani sex grooming gangs and others involved in human trafficking and child sexual abuse. (*See* Docket No. 1-1). He claims that these groups are retaliating against him for reporting their behavior by pursuing the state drug charges in Mercer County which remain pending against him at CP-43-CR-0000068-2025.[1] *See Comm. v. Jeffrey Ray Pumphrey, Jr.*, CP-43-CR-0000068-2025. He includes a 16-page narrative (which is handwritten in several different handwriting styles) claiming that the individuals in his state case match descriptions of individuals he has seen in news and internet reports who are associated with the terrorists and gang members. (*See* Docket No. 1-1). Among other things, Plaintiff demands that these

---

[1]    The Court takes judicial notice of the public docket in the criminal matter. *See Moore v. Pennsylvania*, App. A. No. 22-1945, 2022 WL 7375509 at * 2 (3d Cir. 2022) (citing *Orabi v. Att'y Gen.*, 738 F.3d 535, 537, n.1 (3d Cir. 2014)).

individuals be investigated by the FBI and CIA and that evidence against them be presented to a grand jury and that they be charged with various federal offenses. (*Id*.). He also seeks appropriate financial compensation. (*Id*.).

Plaintiff states that he was initially detained on his state case, but he was granted bail and presently resides at Cove Forge where he is in mental health and/or substance abuse treatment. (Docket No. 1). The various attachments to Plaintiff's Complaint include the habeas petition he previously filed at Civ. A. No. 2:25-cv-1009-NR-CBB which was dismissed by the Court for failure to exhaust administrative remedies. *See Pumphrey v. Pennsylvania*, No. 2:25-CV-01009, 2025 WL 4054414, at *4 (W.D. Pa. Oct. 3, 2025), *report and recommendation adopted sub nom. Pumphrey v. Pennsylvania, Mercer Cnty.*, No. 2:25-CV-1009, 2026 WL 115868 (W.D. Pa. Jan. 15, 2026). Plaintiff also includes a competency evaluation dated June 19, 2025 by Ingrid K. Renberg, MD, MPH, MSL which references many of the same allegations set forth in this lawsuit pertaining to the police, FBI and Pakistani sex gangs and concludes that Plaintiff was not medically competent to stand trial at that time, likely resulting from a substance-induced psychotic disorder which she opined could persist for weeks or months. (Docket No. 1-4 at 14-21). He was recommended for a re-evaluation in 90 days. (*Id*.). Plaintiff attaches multiple orders from the Court of Common Pleas of Mercer County denying various pro se motions that he submitted while represented by counsel. (Docket No. 1-1 and attachments). Plaintiff further references prior lawsuits that he filed in the U.S. District Courts for the Northern District of Ohio and District of Columbia. The Court takes judicial notice of the docket reports and orders issued dismissing the cases in the Northern District of Ohio. *See e.g., Pumphrey v. Stark Cnty. Dep't of Job & Fam. Servs.*, No. 5:23-CV-659, 2023 WL 4133645, at *1 (N.D. Ohio June 22, 2023) ("this Court lacks jurisdiction to the extent plaintiff seeks review and reversal of a state-court judgment

regarding the custody of his minor child."); *Pumphrey v. Stark Cnty., Ohio*, No. 5:23-CV-2092, 2024 WL 810564, at *2 (N.D. Ohio Feb. 27, 2024) (citation omitted) ("Plaintiff's complaint is also subject to dismissal on the ground of frivolousness to the extent it duplicates claims he raised in his earlier lawsuit.").

Having carefully reviewed Plaintiff's submissions, the Court must conclude that the allegations in this case are fanciful or delusional and lack arguable merit, making them frivolous and subject to dismissal. *See e.g., Brookins v. Cty. of Allegheny*, 350 F. App'x 639, 642 (3d Cir. 2009) (quoting *Denton v. Hernandez*, 504 U.S. 25, 33, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992) (citations omitted)) ("A court may discredit allegations that are 'fanciful, fantastic, and delusional' and thus may dismiss a complaint as factually frivolous when the facts alleged 'rise to the level of the irrational or wholly incredible.'"); *Johnson v. Trump*, 745 F. App'x 445 (3d Cir. 2018) ("After reviewing Johnson's filings in the District Court and on appeal, we agree that the complaint lacks an arguable basis in law and fact, and we therefore conclude that the District Court correctly dismissed the complaint pursuant to § 1915(e)(2)(B)."); *Price*, 845 F. App'x at 107-08 (affirming dismissal of case as frivolous where plaintiff "alleged a vast government conspiracy, beginning at his birth and continuing to the present day, to use technology to control his mind and manipulate his behavior. He claimed that this mind control caused him to commit the criminal acts that led to his incarceration and has inflicted innumerable other conditions and effects on him over the past forty-three years.").

The Court alternatively holds that even if Plaintiff's allegations were not deemed frivolous, this action would be dismissed for several additional reasons. To that end, Plaintiff's claims for declaratory or injunctive relief are subject to dismissal under the doctrine of *Younger v. Harris*, 571 U.S. 69, 72 (1971), because the state criminal prosecution is pending and he will

have the opportunity to present constitutional claims challenging the evidence presented in those proceedings. *See Miles v. Zech*, 788 F. App'x 164, 167 (3d Cir. 2019) ("*Younger* abstention is appropriate where there are ongoing state proceedings that: (1) are judicial in nature; (2) implicate important state interests; and (3) afford an adequate opportunity for presentation of the constitutional claims."). Moreover, an individual does not have a constitutional right to the investigation or prosecution of a third party, as Plaintiff is demanding here. *Sanders v. Downs*, 420 F. App'x 175, 180 (3d Cir. 2011) (citations omitted) ("there is no constitutional right to the investigation or prosecution of another."). Plaintiff's claims for money damages fare no better. In this regard, the Court finds all of the following:

- the judicial defendants are entitled to absolute judicial immunity, *Azubuko v. Royal*, 443 F.3d 302, 303 (3d Cir. 2006);

- the Police Department, Public Defender's Office and Mercer County Behavioral Health are local government units and not persons subject to suit under § 1983, *see e.g.*, *Moore v. Montgomery Cnty. Dist. Att'y Off.*, No. 22-2642, 2023 WL 5972045, at *2 (3d Cir. Sept. 14, 2023); *Crawford v. Pub. Defs. Off.*, No. CV 17-45, 2017 WL 1534183, at *3 (W.D. Pa. Apr. 6, 2017), *report and recommendation adopted*, No. 1:17-CV-00045-BR-SPB, 2017 WL 1536022 (W.D. Pa. Apr. 27, 2017);

- as an assistant public defender, Johnson is not a state actor for purposes of § 1983, *see e.g., Beaver v. Union Cnty. Pennsylvania*, 619 F. App'x 80, 83 (3d Cir. 2015) (citing *Polk Cnty. v. Dodson*, 454 U.S. 312, 325, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981)); and,

- Plaintiff has not alleged any facts to demonstrate that Marshal or Rengerg were personally involved in a deprivation of his constitutional rights, *see Williams v. City of York*, 967 F.3d 252, 261 (3d Cir. 2020).

"Beyond such defects, § 1983 claims for malicious prosecution, false arrest and fabrication of evidence generally require a claimant to establish that the state criminal proceedings terminated in his favor and therefore such claims are prematurely filed if the state criminal case is ongoing,

as is the case here."   *Finogle v. Nichols*, No. CV 25-598, 2025 WL 1447359, at *3 (W.D. Pa. May 20, 2025) (citing *Kim v. Ali*, App. No. 24-1448, 2024 WL 5135645, at *2 (3d Cir. 2024), *which cited*, *McDonough v. Smith*, 588 U.S. 109, 116-20 (2019)).

For the same reasons, it is also clear that leave to amend would be futile such that the dismissal will be with prejudice. *See Phillips*, 515 F.3d at 245.

IV. CONCLUSION

Based on the foregoing, Plaintiff's Motion for Leave to Proceed In Forma Pauperis is GRANTED but his Complaint is DISMISSED, with prejudice.  An appropriate Order follows.

*s/Nora Barry Fischer*
Nora Barry Fischer
Senior U.S. District Judge

Dated: March 31, 2026

cc:     JEFFREY RAY PUMPHREY, JR
        PO Box 1695
        211 W. Moody Ave., Apt. 505
        New Castle, PA 16101
        (via first class mail)

        JEFFREY RAY PUMPHREY, JR.
        202 Cove Forge Road
        Williamsburg, PA 16693
        (via first class mail)